UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW GUZMAN on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>LONGHORN RESALE SHOP, LLC d/b/a LONGHORN BUILDING MATERIAL,<br><br>    Defendant. | CIVIL ACTION NO. 4:22-cv-3165<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendant Longhorn Resale Shop, LLC d/b/a Longhorn Building Material ("Defendant") required Plaintiff Matthew Guzman ("Plaintiff") to work more than forty (40) hours a week as a delivery driver. Defendant paid Plaintiff a flat weekly rate without overtime, a practice which violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a).

2. Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former weekly rate paid workers who performed work for Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice. Members of the collective action are hereinafter referred to as the "Class Members."

3. Defendant cannot satisfy its burden to show that any FLSA exemption applies to Plaintiff or other Class Members. As such, Defendant owes Plaintiff and Class Members back pay

1

at the time and one-half rate for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees and costs.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

6. Plaintiff worked in this District when the violations took place.

7. Defendant Longhorn Resale Shop, LLC is headquartered in Houston, Texas.

8. Defendant's compensation policies and practices, including those that violate the FLSA as alleged herein, originated and were decided at Defendant's principal headquarters in Houston, Texas.

## PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Matthew Guzman is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

10. Defendant Longhorn Resale Shop, LLC is a limited liability company organized under the laws of Texas. Defendant may be served process through its registered agent Edward Gonzalez at 2205 Fulton Street, Houston, Texas 77009 or wherever he might be found.

## FLSA COVERAGE

11. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4)

that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C., Civil Action No*. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA of both Plaintiff and the Class Members. 29 U.S.C. § 203(d).

13. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

14. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

15. Both the individual and enterprise coverage are applicable in this case.

16. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1).

17. Here, individual coverage applies. At all material times, Plaintiff and the Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

18. With regards to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

19. Here, enterprise coverage applies. Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

20. Defendant has employed numerous employees who are engaged in interstate commerce. Further, Defendant itself engaged in interstate commerce because it orders supplies across state lines, conducts business deals with merchants across state lines, advertises on the internet with companies based in other states, process customers' credit cards with banks in other states, and buys equipment that moved across state lines.

21. The FLSA applies to Plaintiff and Class Members.

## FACTS

22. Defendant Longhorn Resale Shop, LLC operates under the assumed name Longhorn Building Material.

23. Defendant operates a lumberyard and hardware store located at 3054 Tidwell Road in Houston, Texas.

24. Plaintiff Guzman began working for Defendant in September of 2021.

4

25. Plaintiff works for Defendant as a local delivery driver.

26. His primary duty is delivering lumber from Defendant's Tidwell yard to Defendant's customers across the Houston area.

27. Plaintiff has never been called to deliver or drive out of the state of Texas for Defendant.

28. Defendant does not require any of its drivers to deliver its products out of state—its delivery offerings are strictly local.

29. Plaintiff typically works a 7 AM to 5PM schedule six days week. Under this schedule, Plaintiff works 20 overtime hours every week.

30. On his pay stubs, Defendant classifies Plaintiff as "salary non-exempt." However, Defendant does not pay Plaintiff on a salary basis within the meaning of the FLSA.

31. If Plaintiff misses a day of work or a partial day of work, Defendant prorates his salary proportionally.

32. Furthermore, despite classifying Plaintiff as "salary non-exempt" Defendant still does not pay Plaintiff overtime. Defendant pays Plaintiff the same amount (less time related deductions) every week he works regardless of the number of hours he works in excess of 40 each week.

33. Plaintiff is far from the only victim of Defendant's efforts to avoid paying overtime to its employees. Defendant employs a number of other drivers and loaders that work similar schedules to Plaintiff that are likewise paid a flat weekly rate without overtime despite working as many or more hours per week as Plaintiff.

34. Drivers and loaders are not supervisory employees.

35. The primary duties of drivers and helpers do not require the exercise of independent judgment and discretion with respect to any business matters. Drivers drive delivery trucks and loaders load construction materials.

36. Defendant does not pay its drivers or loaders a salary as that term is understood under the FLSA's regulations.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of Defendant's employees:

> All drivers and loaders employed by Defendant within three years from the commencement of this action to the present.

38. Plaintiff has first-hand knowledge, through her personal work experience and communications with other employees of the Defendant, that this class of similarly-situated employees exist who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

39. All drivers employed by Defendant are paid in the same manner.

40. All loaders employed by Defendant are paid in the same manner.

41. All drivers and loaders are paid a flat weekly rate.

42. All drivers have the same job duties: to drive Defendant's trucks and deliver lumber.

43. All loaders have the same job duties: to load construction material on to Defendant's trucks or for Defendant's customers.

44. Defendant uses the same compensation structure regardless of the location of employment of a particular Class Member.

45. Defendant uses the same compensation structure regardless of the supervisor of a particular Class Member.

46. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees, and the denial of overtime pay.

47. The names and address of the Class Members of the collective action are available from Defendant's records. The Class Members should be allowed to receive notice via First Class Mail, email and via a website with basic information about the lawsuit or by use of techniques and a form of notice like those customarily used in representative actions.

48. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated.

## **CAUSES OF ACTION**

### **Count I**
### **Violation of the Fair Labor Standards Act**
### **Failure to Pay Overtime**
### **(Collective Action)**

49. Plaintiff incorporates the preceding paragraphs by reference.

50. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

51. Defendant violated the FLSA by failing to pay Plaintiff and Class Members an overtime premium for hours worked in excess of 40 hours in a workweek because Defendant pays those workers a flat weekly rate without overtime.

52. Defendant cannot satisfy its burden to show that any exemption applies.

53. Defendant has, therefore, violated and continues to violate the FLSA by not paying Plaintiff and Class Members consistent with the FLSA for their overtime hours.

54. Defendant's failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.

55. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

56. Defendant intentionally misclassified Plaintiff and Class Members in order to avoid its obligations under the FLSA.

57. Plaintiff will seek to certify this class as a collective action under 29 U.S.C. § 216(b).

## **DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)**

58. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week.

59. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

60. Plaintiff and Class Members are also entitled to recover their attorney's fees and costs as required by the FLSA.

## **JURY DEMAND**

61. Pursuant to his right under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## **PRAYER FOR RELIEF**

62. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

    a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

    b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

    c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

        d.        Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

        Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813